SOUTHERN RAILWAY COMPANY *v.* WRIGHT, for use, etc.

The court, who, by consent, heard the case without a jury, did not err in overruling the illegality to the tax execution.

APRIL 16, 1915.

Illegality of execution. Before Judge Bell. Fulton superior court. February 5, 1914.

*McDaniel & Black* and *Edgar A. Neely*, for plaintiff in error.
*Worley & Nall*, contra.

EVANS, P. J. A fi.' fa. was issued by the comptroller-general against the Southern Railway Company for the taxes alleged to be due the City of Elberton for the year 1912. Upon the levy of this fi. fa. the railway company filed an affidavit of illegality, setting out the tax levy of the City of Elberton, and alleging that the item therein contained for outstanding judgments was levied without authority of law, because there was no vote of the people for the levy of an extraordinary tax to pay any outstanding judgment; and that it had tendered the full amount of the taxes, exclusive of the alleged illegal item, which the tax-collector of the City of Elberton declined to accept. The case was submitted to the court upon an agreed statement of facts, to be decided without the intervention of a jury. The court overruled the illegality, and exception is taken to that judgment.

The substance of the agreed statement of facts is, that the railway company had tendered all of the taxes demanded of it, except the item to pay outstanding judgments; that at the time of the levy there were outstanding judgments against the City of Elberton for the sum of $26,332.21, which were obtained at the September term, 1912, of Elbert superior court, in an equitable petition for money had and received; that the levy was sufficient to pay one half of the amount of the judgments, the plaintiffs in fi. fa. having agreed with the city to wait until the fall of 1913 for the remainder due on the judgments. It was further agreed that in the year 1910 the City of Elberton borrowed money, without any election of the people authorizing the loan, for the purpose of paving the streets of the City of Elberton, and that it paid for said pavement with the money borrowed during the years 1910 and 1911.

The facts admitted by the parties are much broader in range than the issue made by the affidavit of illegality. The affidavit of illegality asserts that the item of taxes levied is void, because it is to pay an outstanding judgment, and that it is not legal to pay an outstanding judgment without a vote of the people. It is neither contended nor argued that it is illegal to pay one half of a judgment obtained in the year 1912 out of taxes due for that year. The sole argument of the plaintiff in error is, that the money was borrowed in 1910 to pave the streets of the City of Elberton in that year; that the city gave notes for the loan; and that notwithstanding the lenders obtained a judgment in an equitable action for

money had and received, their debts are founded in illegality, and the taxpayer has the right to go behind the judgment and show that illegality in resistance of a tax levy. Counsel for the City of Elberton argue, on the other hand, that although the city had no constitutional authority to borrow money, yet if the money so borrowed was used in discharge of a legitimate current expense, it was competent for a court to render judgment in an equitable action for money had and received, which would conclude the city and its taxpayers as to its legality. However this may be, we think the pleadings are insufficient to raise any such issue. There is no averment in the affidavit of illegality that the judgment was founded on a debt which the city was unable to constitutionally incur, nor is there any suggestion of illegality in the judgment, or the pleadings upon which it is predicated. The taxpayer simply avers: "The item levied for outstanding judgments was levied without any authority of law. There was no vote of the people for the levy of any extraordinary tax to pay any outstanding judgment, and the levy of the tax to pay outstanding judgments aggregates $4.40 on the $1,000 of taxable property, and the levy of the tax by the City of Elberton was and is excessive to the extent of $4.40 on the $1,000 of taxable property." It is not contended in the brief that the tax levy is beyond the charter power of the city and excessive for that reason. Nor is it insisted in the brief that a vote of the people is a condition precedent to the levy of a tax to pay a valid judgment. The sole contention in the brief of the plaintiff in error is, that, on the agreed statement of facts, it has a right to go behind the judgment and show that it rests upon an illegal debt; but it fails to make that point in the pleadings. There was no error in overruling the illegality.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*